**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**TEENA M. SHELTON,**

    **Plaintiff,**

 **v.**                                                                                                             **No. 19-cv-1039 WJ/SMV**

**ANDREW SAUL,**
**Commissioner of the Social Security Administration,**

    **Defendant.**

**MAGISTRATE JUDGE'S**
**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before me on Plaintiff's Notice of Motion to Reverse or Remand Administrative Agency Decision [Doc. 23] and Plaintiff's supporting Memorandum [Doc. 24], both filed on June 25, 2020.  The Commissioner responded on August 19, 2020.  [Doc. 26]. Plaintiff replied on September 16, 2020.  [Doc. 27].  The Honorable William P. Johnson, Chief United States District Judge, referred the case to me to for proposed findings and a recommended disposition.  [Doc. 9].  Plaintiff bears the burden of showing either that the Administrative Law Judge ("ALJ") did not apply the correct legal standards or that her findings were not supported by substantial evidence.  Having meticulously reviewed the entire record and being fully advised in the premises, I find that Plaintiff fails to meet that burden.  Specifically, Plaintiff argues that the ALJ's residual functional capacity ("RFC") assessment is unsupported by substantial evidence because the ALJ erred in weighing certain medical opinions.  However, the ALJ explained why she accorded the opinions the weight she did, and Plaintiff does not challenge those reasons.  I recommend that the Motion be denied, and the final decision of the Commissioner be affirmed.

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008).  If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004).  Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118.  The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.*  While a court may not re-weigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005).  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981; 416.1481.  This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

"The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotation marks omitted).

## Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (2018); 20 C.F.R. §§ 404.1505(a), 416.905(a) (2012).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process.  20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity"; *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the "Listings"[2] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work."  20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261.  If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

3

claimant is able to perform other work in the national economy, considering her RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1261.

## Procedural Background

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on May 18, 2016. Tr. 14. She alleged a disability-onset date of August 2, 2011. *Id.* Her claims were denied initially and on reconsideration. *Id.* ALJ Michelle K. Lindsay held a hearing on April 17, 2018, in Roswell, New Mexico.[3] Tr. 14. Plaintiff appeared in person with her attorney, Laylah Zayin. Tr. 14. The ALJ heard testimony from Plaintiff and an impartial vocational expert ("VE"), Mary D. Weber. Tr. 14, 30–70.

The ALJ issued her unfavorable decision on October 18, 2018. Tr. 24. She found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2020. Tr. 16. At step one, she found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. *Id.* At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "mild degenerative disc disease of the cervical and lumbar spine; tendinosis and bursitis of the left shoulder; mononeuritis of lower limb; asthma; anxiety disorder; and mood disorder." Tr. 16–17. The ALJ also found that Plaintiff's bursitis of the right shoulder and gastroesophageal reflux disease were not severe. Tr. 17.

At step three, the ALJ determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 17–18. Because none of Plaintiff's

---

[3] The transcript of the hearing indicates that it occurred in Albuquerque, New Mexico. Tr. 30, 32. However, the ALJ's decision indicates that the hearing occurred in Roswell, Tr. 14, as do the several Notices and Reminders of Hearing, Tr. 162, 169, 187, 192, 194.

impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 18–22. The ALJ found that Plaintiff was:

> able to lift, carry, push, and pull twenty pounds occasionally and ten pounds frequently, sit for at least six hours in an eight-hour workday, and stand and walk for six hours in an eight-hour workday. She [could] occasionally climb stairs and ramps, and stoop, and frequently balance, crouch, kneel, and crawl. She [could] never climb ladders, ropes, or scaffolds. She [could] only occasionally reach overhead with the non-dominant upper extremity. She must avoid more than occasional exposure to extreme cold. She must avoid more than occasional exposure to pulmonary irritants such as fumes, odors, dust, gasses, and poor ventilation. [Plaintiff had] no difficulty understanding or remembering detailed and complex instructions; however, she [was] able to maintain attention and concentration to perform and persist at only simple tasks for two hours at a time without requiring redirection to task. [Plaintiff had] the [RFC] to perform less than the full range of light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b).

Tr. 18.

At step four, the ALJ found that Plaintiff was not able to return to any of her past relevant work as a cashier, car washer, parcel post driver, or delivery driver. Tr. 22. Accordingly, the ALJ went on to consider Plaintiff's RFC, age, education, work experience, and the testimony of the VE at step five. Tr. 22–23. She found that Plaintiff could perform work—such as furniture rental clerk, merchandise maker, and parking lot attendant—that existed in significant numbers in the national economy and, therefore, was not disabled. Tr. 23. The Appeals Council denied review on September 9, 2019. Tr. 1–3. Plaintiff timely filed the instant action on November 7, 2019. [Doc. 1].

## **Plaintiff fails to show reversible error.**

Plaintiff argues that the ALJ (1) failed to properly address the opinion evidence, and (2) failed to address the difference between the standing limitation in the RFC assessment and the

standing limitation in the medical opinions. [Doc. 24] at 9. Plaintiff argues, therefore, that the ALJ's RFC assessment is not supported by substantial evidence.[4] *Id.*

Although ALJs need not discuss every piece of evidence, they are required to discuss the weight assigned to each medical source opinion. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (citing 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii) (2012)[5]). That is, when assessing a plaintiff's RFC, an ALJ must explain what weight she assigns to each medical source opinion and why. *Id.* When evaluating the opinion of any medical source, the ALJ must consider:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003); *see* §§ 404.1527(c), 416.927(c). Not every factor will apply in each case, and therefore, an ALJ is not required to discuss every factor. Social Security Ruling ("SSR") 06-03p,[6] 2006 SSR LEXIS 5 at *5. "[T]he ALJ's decision is sufficient if it permits [the court] to follow the adjudicator's reasoning." *Keyes-Zachary*, 695 F.3d at 1164 (internal quotation marks omitted). "[T]he factors for weighing the opinions of acceptable medical sources set out in 20 C.F.R. §§ 404.1527(d), 416.927(d) apply equally to all opinions from

---

[4] Plaintiff further argues that the ALJ failed to address all her limitations in the hypothetical questions to the VE. [Doc. 24] at 9, 14. This argument is essentially the same as whether the RFC should stand. Therefore, I do not address it separately.

[5] These regulations apply to this case because Plaintiff's claims were filed prior to March 27, 2017. *See* 82 Fed. Reg. 5844 (Jan. 18, 2017).

[6] SSR 06-03p was rescinded for claims filed on or after March 27, 2017. 82 Fed. Reg. 15263 (Mar. 27, 2017). Because Plaintiff's claims were filed before March 27, 2017, SSR 06-03p applies to this case.

medical sources who are not acceptable medical sources as well as from other non-medical sources." *Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (internal quotation marks omitted). *See* §§ 404.1527(c), 416.927(c) (for claims such as Plaintiff's, filed before March 27, 2017, the general rule is that examining opinions are entitled to more weight than non-examining opinions, and treating opinions are entitled to the most weight of all).

Moreover, "there is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on [a specific] functional capacity . . . because the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) (alteration and internal quotation marks omitted)); *see Wells v. Colvin*, 727 F.3d 1061, 1071 (10th Cir. 2013) (same). Nevertheless, "[a]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." *Chapo*, 682 F.3d at 1292 (internal brackets omitted) (quoting *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007)). ALJs are required to provide "appropriate *explanations* for accepting or rejecting such opinions." SSR 96-5p,[7] 1996 SSR LEXIS 2, at *13, (emphasis added); *see Keyes-Zachary,* 695 F.3d at 1161 (same) (citing §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii)). "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 SSR LEXIS 5, at *20. The ALJ's reasons must be specific and legitimate. *Chapo*, 682 F.3d at 1291.

---

[7] SSR 96-5p was rescinded for claims filed on or after March 27, 2017. 82 Fed. Reg. 15263 (Mar. 27, 2017). Because Plaintiff's claims were filed before March 27, 2017, SSR 96-5p applies to this case.

### The ALJ weighed the opinions.

Here, the ALJ evaluated the opinions of the four providers at issue. She rejected treating Nurse Practitioner Duncan's opinion as "completely inconsistent with the objective medical evidence." Tr. 21. She rejected Dr. Greer's consultative examining opinion "because there [was] no evidence in the record showing that [Plaintiff had] herniated lumbar discs, which would produce weakness of the right leg and result in the inability to be on her feet all day as Dr. Greer opined." Tr. 22. Finally, she found that her RFC assessment was "consistent with the opinions of the State Agency [non-examining] medical consultants who have also found [Plaintiff was] not disabled." Tr. 21.

### Plaintiff does not challenge the ALJ's reasons for evaluating the opinion as she did.

Plaintiff's arguments revolve around the standing/walking limitations in the record.[8] Plaintiff points out that her treating provider, Nurse Duncan, assessed her standing/walking limitation at one hour per workday. Tr. 670 (opinion rendered on July 6, 2016). Dr. Greer, the consultative examiner, limited her to "occasional" standing/walking or one-third of the workday. Tr. 772 (opinion of December 11, 2016). Dr. Leong, the non-examining medical consultant at the initial level, limited Plaintiff to six hours of standing/walking. Tr. 81 (opinion of December 23, 2016), 93 (same). Finally, the non-examining medical consultant at the reconsideration level,

---

[8] Plaintiff expands her arguments somewhat in her Reply. *See* [Doc. 27]. To the extent that Plaintiff makes any new argument for the first time in her Reply, it is waived. *See Kruse v. Astrue*, 436 Fed. App'x 879, 885 (10th Cir. 2011) ("[a]rguments presented for the first time in a reply brief are waived" (citing *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994))); *Berna v. Chater*, 101 F.3d 631, 632–33 (10th Cir. 1996) (recognizing "that waiver principles developed in other litigation contexts are equally applicable to social security cases"). Additionally, to the extent that Plaintiff's Reply could be construed as asserting any new argument, I find that it would be inadequately developed and, therefore, waived. *See Wall v. Astrue*, 561 F.3d 1048, 1065 (10th Cir. 2009) (stating that an issue is waived if not adequately supported by "developed argumentation" (quoting *Hardeman v. City of Albuquerque*, 377 F.3d 1106, 1122 (10th Cir. 2004))).

Dr. Moore, limited Plaintiff to four hours of standing/walking. Tr. 108 (opinion of April 10, 2017), 122 (same). Plaintiff argues that the ALJ erred in failing to explain why her RFC assessment limited Plaintiff to six hours of standing/walking, when three of the four relevant opinions are more restrictive. [Doc. 24] at 9–14. Without an explicit explanation, Plaintiff argues that the RFC assessment is not supported by substantial evidence. *Id.* at 9.

Plaintiff's arguments, however, fail to address the reasons provided by the ALJ. The ALJ gave reasons for the weight she accorded to the opinions, but Plaintiff's arguments ignore those reasons almost entirely.

For example, Plaintiff argues that the ALJ erred in weighing Dr. Greer's opinion because his standing limitation, like Nurse Duncan's, was more restrictive than the standing limitation in the RFC assessment. [Doc. 24] at 10–11, 14. Plaintiff complains that the ALJ failed to explicitly acknowledge that Dr. Greer's assessed limitation was consistent with Nurse Duncan's assessed limitation. But the ALJ directly addressed Dr. Greer's opinion in her decision and explained why she assigned it little weight. Tr. 22. Plaintiff fails to show that the ALJ erred. The question here is whether the ALJ applied the correct legal standards in weighing the opinions and formulating the RFC and whether her findings are supported by substantial evidence. It may have been preferable for the ALJ to have explicitly addressed the consistency between Dr. Greer's standing limitation and Nurse Duncan's, but Plaintiff fails to show that the it was required. Plaintiff does not challenge the legal standards applied by the ALJ, nor does she argue that the ALJ's findings regarding Dr. Greer's opinion lack substantial evidentiary support.[9] Plaintiff does not dispute the

---

[9] Plaintiff does challenge one factual finding. She correctly points out that Dr. Greer's opinion did not say that Plaintiff had the "inability to be on her feet all day," which is how the ALJ described it. [Doc. 24] at 11 (quoting Tr. 22). Plaintiff is correct that, instead, Dr. Greer characterized Plaintiff's limitations differently.[9] However, this discrepancy

9

ALJ's finding that Dr. Greer's opinion was based on his presumption of a herniated disc. [Doc. 24] at 10–11, 14. Nor does Plaintiff challenge the ALJ's finding that there is no evidence of disc herniation in the record. *Id.* The ALJ provided reasons for her evaluation of Dr. Greer's opinion. I can follow her reasoning, and Plaintiff does not challenge it. Plaintiff fails to show that remand is warranted.

Next, Plaintiff argues that Nurse Duncan's assessed limitations are consistent with Dr. Greer's limitations (as they are both more restrictive than those in the RFC assessment). Plaintiff argues that the ALJ should have "address[ed] the discrepancies between her RFC standing limitations and every opinion of record." [Doc. 24] at 9. The problem again is that Plaintiff ignores the ALJ's findings. *Id.* at 9–14. The ALJ explained that she was rejecting Nurse Duncan's opinion as "completely inconsistent with the objective medical evidence." Tr. 21. The ALJ specifically discussed the fact that Plaintiff's MRIs of the lumbar spine, i.e., the objective medical evidence, were unremarkable. *See* Tr. 19. The ALJ described the MRI from October 9, 2012, as unremarkable other than a "tiny midline L5-S1 disc protrusion that did not deform the thecal sac," Tr. 19 (citing to Tr. 380), and her MRI from November 5, 2015, as showing "no significant disc/facet abnormality, spinal stenosis, or foraminal stenosis at any level," Tr. 19 (quoting Tr. 873). Plaintiff's arguments ignore these records and the ALJ's findings. *See* [Doc. 24]. Plaintiff does not argue that the ALJ applied an incorrect legal standard in evaluating Nurse Duncan's opinion. Nor does she dispute the ALJ's finding that Nurse Duncan's opinion is inconsistent with the

---

is of little consequence. The ALJ did not reject Dr. Greer's opinion on this basis. Rather, the ALJ rejected Dr. Greer's opinion because she found that it presumed a herniated disc and that there was no evidence of a herniated disc in the record. Tr. 22. As explained above, Plaintiff does not challenge either of these findings. *See* [Doc. 24] at 9–14.

10

objective medical evidence.  Nor does Plaintiff make any challenge to the ALJ's reliance on these MRIs.  The ALJ provided a reason for her evaluation of Nurse Duncan's opinion.  I can follow her reasoning, and Plaintiff does not challenge it.  Plaintiff fails to show that remand is warranted.

Additionally, Plaintiff argues that it was error for the ALJ to rely on Dr. Leong's opinion (rather than Dr. Moore's opinion) because Dr. Leong had less evidence on which to base her opinion than Dr. Moore.  [Doc. 24] at 12–14.  This argument might hold water if there were material evidence that Dr. Leong did not see.  Plaintiff does not identify any particular piece of material evidence that Dr. Moore was privy to but not Dr. Leong.  *See* [Doc. 24] at 9–14.  And I do not find any.  Dr. Leong had explicitly reviewed Dr. Greer's opinion.  Tr. 82 (Dr. Leong's opinion referring to Dr. Greer's opinion).  And Nurse Duncan's opinion was submitted to the agency about four months before Dr. Leong issued her opinion.  *Compare* Tr. 669 (Nurse Duncan's opinion is submitted to the agency on August 29, 2016), *with* Tr. 82 (Dr. Leong's opinion is signed on December 23, 2016).  So, Dr. Leong should have had the opportunity to review it.  Dr. Moore, the later non-examining consultant, does not refer to either opinion.  Nor does he explain why he assessed a more restrictive standing limitation (four hours) than Dr. Leong (six hours).  Accordingly, I am not persuaded that the ALJ was required to address any difference between the evidence available to Dr. Leong versus the evidence available to Dr. Moore.  *See id.* at 12–14.

Finally, Plaintiff argues that the ALJ erred in failing to specify what amount of weight she accorded each non-examining opinion.  *Id.* at 12.  Plaintiff argues that the ALJ failed to even acknowledge that there were two non-examining opinions.  *Id.* at 14.  I am not persuaded.  The

11

ALJ explained that she agreed with "opinions" (plural) of the non-examining "State Agency medical consultants" (plural) that Plaintiff was not disabled. Tr. 21.

In a nutshell, Plaintiff argues that without explanation from the ALJ, the RFC cannot be supported by substantial evidence because three of the four relevant medical opinions assessed more restrictive standing limitations than those in the ALJ's RFC. Plaintiff makes no attempt to show that the ALJ applied an incorrect legal standard in weighing the opinions, or that the ALJ's reasons for weighing the opinions as she did were not supported by substantial evidence. Plaintiff's arguments, such as they are, fail to establish that remand is warranted. Accordingly, Plaintiff's Motion should be denied, and the Commissioner's decision should be affirmed.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Plaintiff's Motion to Reverse or Remand Administrative Agency Decision [Doc. 23] be **DENIED** and the Commissioner's final decision, affirmed.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.** *See* **D.N.M.LR-Civ. 10.1. If no objections are filed, no appellate review will be allowed.**

                                                                    _____
                                                                    **STEPHAN M. VIDMAR**
                                                                    **United States Magistrate Judge**