# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**TEENA M. SHELTON,**

    Plaintiff,

v.                                                                                                                No. 19-cv-1039 WJ/SMV

**ANDREW SAUL,**
**Commissioner of the Social Security Administration,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, AND DENYING THE MOTION TO REVERSE OR REMAND

THIS MATTER is before the Court on Plaintiff's Notice of Motion to Reverse or Remand Administrative Agency Decision [Doc. 23] and Plaintiff's supporting Memorandum [Doc. 24] (collectively "Motion"), both filed on June 25, 2020. The Honorable Stephan M. Vidmar, United States Magistrate Judge, issued his Proposed Findings and Recommended Disposition ("PF&RD") to deny the Motion on February 10, 2021. [Doc. 29]. Plaintiff timely objected on February 24, 2021. [Doc. 30]. On de novo review of the portions of the PF&RD to which Plaintiff objected, the Court will overrule the objections, adopt the PF&RD, and deny the Motion.

### Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981; 416.1481. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not re-weigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotation marks omitted).

### Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (2018); 20 C.F.R. §§ 404.1505(a), 416.905(a) (2012).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity"; *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the "Listings"[2] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

### Procedural Background

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on May 18, 2016. Tr. 14. She alleged a disability-onset date of August 2, 2011. *Id.* Her claims were denied initially and on reconsideration. *Id.* ALJ Michelle K. Lindsay held a hearing on April 17, 2018, in Roswell, New Mexico. Tr. 14. Plaintiff appeared in person with her

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

attorney, Laylah Zayin.  Tr. 14.  The ALJ heard testimony from Plaintiff and an impartial vocational expert ("VE"), Mary D. Weber.  Tr. 14, 30–70.

The ALJ issued her unfavorable decision on October 18, 2018.  Tr. 24.  She found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2020. Tr. 16.  At step one, she found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date.  *Id.*  At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "mild degenerative disc disease of the cervical and lumbar spine; tendinosis and bursitis of the left shoulder; mononeuritis of lower limb; asthma; anxiety disorder; and mood disorder."  Tr. 16–17.  The ALJ also found that Plaintiff's bursitis of the right shoulder and gastroesophageal reflux disease were not severe.  Tr. 17.

At step three, the ALJ determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing.  Tr. 17–18.  Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 18–22.

In assessing Plaintiff's RFC—and as is particularly relevant here—the ALJ evaluated the opinions of the four providers.  The ALJ rejected treating Nurse Practitioner Duncan's opinion as "completely inconsistent with the objective medical evidence."  Tr. 21.  She rejected Dr. Greer's consultative examining opinion "because there [was] no evidence in the record showing that [Plaintiff had] herniated lumbar discs, which would produce weakness of the right leg and result in the inability to be on her feet all day as Dr. Greer opined."  Tr. 22.  Finally, she found that her RFC assessment was "consistent with the opinions of the State Agency [non-examining] medical

consultants[, Drs. Leong and Moore,] who have also found [Plaintiff was] not disabled." Tr. 21. The ALJ determined that Plaintiff was:

> able to lift, carry, push, and pull twenty pounds occasionally and ten pounds frequently, sit for at least six hours in an eight-hour workday, and stand and walk for six hours in an eight-hour workday. She [could] occasionally climb stairs and ramps, and stoop, and frequently balance, crouch, kneel, and crawl. She [could] never climb ladders, ropes, or scaffolds. She [could] only occasionally reach overhead with the non-dominant upper extremity. She must avoid more than occasional exposure to extreme cold. She must avoid more than occasional exposure to pulmonary irritants such as fumes, odors, dust, gasses, and poor ventilation. [Plaintiff had] no difficulty understanding or remembering detailed and complex instructions; however, she [was] able to maintain attention and concentration to perform and persist at only simple tasks for two hours at a time without requiring redirection to task. [Plaintiff had] the [RFC] to perform less than the full range of light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b).

Tr. 18.

At step four, the ALJ found that Plaintiff was not able to return to any of her past relevant work as a cashier, car washer, parcel post driver, or delivery driver. Tr. 22. Accordingly, the ALJ went on to consider Plaintiff's RFC, age, education, work experience, and the testimony of the VE at step five. Tr. 22–23. She found that Plaintiff could perform work—such as furniture rental clerk, merchandise maker, and parking lot attendant—that existed in significant numbers in the national economy and, therefore, was not disabled. Tr. 23. The Appeals Council denied review on September 9, 2019. Tr. 1–3. Plaintiff timely filed the instant action on November 7, 2019. [Doc. 1].

Plaintiff moved to remand, arguing that the ALJ had (1) failed to properly address the opinion evidence, and (2) failed to address the difference between the standing limitation in the

RFC assessment and the standing limitation in the medical opinions. [Doc. 24] at 9. Plaintiff argued, therefore, that the ALJ's RFC assessment was not supported by substantial evidence.

Plaintiff's arguments revolved around the standing/walking limitations in the record. Plaintiff pointed out that her treating provider, Nurse Duncan, assessed her standing/walking limitation at one hour per workday. Tr. 670 (opinion rendered on July 6, 2016). Dr. Greer, the consultative examiner, limited her to "occasional" standing/walking or one-third of the workday. Tr. 772 (opinion of December 11, 2016). Dr. Leong, the non-examining medical consultant at the initial level, limited Plaintiff to six hours of standing/walking. Tr. 81 (opinion of December 23, 2016), 93 (same). Finally, the non-examining medical consultant at the reconsideration level, Dr. Moore, limited Plaintiff to four hours of standing/walking. Tr. 108 (opinion of April 10, 2017), 122 (same). Plaintiff argued that the ALJ had erred in failing to explain why her RFC assessment limited Plaintiff to six hours of standing/walking, when three of the four relevant opinions were more restrictive. [Doc. 24] at 9–14. Without an explicit explanation, Plaintiff argued that the RFC assessment was not supported by substantial evidence. *Id.* at 9.

Judge Vidmar found that Plaintiff's arguments failed to address the reasons provided by the ALJ for the weight she accorded to the opinions at issue. [Doc. 29] at 12. He found that Plaintiff's arguments ignored the ALJ's reasoning "almost entirely." *Id.* He found that Plaintiff had made no attempt to show that the ALJ applied an incorrect legal standard in weighing the opinions, or that the ALJ's reasons for weighing the opinions as she did were not supported by substantial evidence. He found that "Plaintiff's arguments, such as they [were], fail[ed] to establish that remand [was] warranted." [Doc. 29] at 12. He recommended denying the Motion. Plaintiff now objects. [Doc. 30]. Ironically, her principal objection is that Judge Vidmar "ignored

6

almost every argument Plaintiff raised in her briefing." *Id.* at 6.  She also objects on the grounds that Judge Vidmar "mischaracterized" her arguments and "failed to apply the prevailing rules and regulations when addressing the ALJ's errors." *Id.*

<strong><u>Standard of Review for Objections<br>to Magistrate Judge's PF&RD</u></strong>

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1)(C) (2012).  To preserve an issue, a party's objections to a PF&RD must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); *see Wofford v. Colvin*, 570 F. App'x 744, 745–46 (10th Cir. 2014) (holding that "conclusory and non-specific" objections that "fail[] to identify the particular errors the magistrate judge committed" fail to preserve an issue for appellate review).  Moreover, "theories raised for the first time in objections to the magistrate judge's report are deemed waived." *United States v. Garfinkle*, 261 F.3d 1030, 1030–31 (10th Cir. 2001).

<strong><u>Analysis</u></strong>

Judge Vidmar found that Plaintiff's arguments failed to address the reasons provided by the ALJ for the weight assigned to opinions.  The ALJ had given reasons for the weight she accorded to the opinions, but Plaintiff's arguments ignored those reasons almost entirely. [Doc. 29].  Now, Plaintiff—who is represented by very experienced counsel—insists that she did challenge the ALJ's reasons.  [Doc. 30].  As explained below, the Court disagrees.  Plaintiff is

7

bound by the arguments in her Motion (or at most, in her Motion and Reply), which do not challenge the reasons provided by the ALJ.  The objections will be overruled.

Plaintiff's objections regarding Dr. Greer's opinion
are without merit and will be overruled.

In her Motion, Plaintiff argued that the ALJ had erred in weighing Dr. Greer's opinion because Dr. Greer's standing limitation, like Nurse Duncan's, was more restrictive than the standing limitation in the RFC assessment.  [Doc. 24] at 10–11, 14.  Plaintiff complained that the ALJ failed to explicitly acknowledge that Dr. Greer's assessed limitation was consistent with Nurse Duncan's assessed limitation.  *Id.*

Judge Vidmar found that that the ALJ had directly addressed Dr. Greer's opinion in her decision and explained why she assigned it little weight.  [Doc. 29] at 9 (citing Tr. 22).  He found that Plaintiff failed to show error.  The question here is whether the ALJ applied the correct legal standards in weighing the opinions and formulating the RFC and whether her findings are supported by substantial evidence.  Judge Vidmar found that, although it might have been preferable for the ALJ to have explicitly addressed the consistency between Dr. Greer's standing limitation and Nurse Duncan's, Plaintiff failed to show that it was required.  Critically, Judge Vidmar found that Plaintiff had not challenged the legal standards applied by the ALJ, nor argued that the ALJ's findings regarding Dr. Greer's opinion lacked substantial evidentiary support.  Judge Vidmar found that Plaintiff had not disputed the ALJ's finding that Dr. Greer's opinion was based on his presumption of a herniated disc.  [Doc. 29] at 9–10 (citing [Doc. 24] at 10–11, 14).  Further, Judge Vidmar found that Plaintiff had not challenged the ALJ's finding that there was no evidence of disc herniation in the record.  *Id.* (citing [Doc. 24] at 10–11, 14).  As

Judge Vidmar saw it, the ALJ provided reasons for her evaluation of Dr. Greer's opinion, and he could follow her reasoning (i.e., Dr. Greer's limitations were based on a herniated disc but because two MRIs showed no herniated disc, the ALJ rejected Dr. Greer's opinion). Critically, again, Judge Vidmar found that Plaintiff had not challenged the ALJ's reasoning. Accordingly, he found that Plaintiff had failed to meet her burden, as the movant, to show that remand was warranted. *Id.*

Plaintiff objects because she said, in fact, she did challenge the ALJ's reason for rejecting Dr. Greer's opinion. [Doc. 30] at 3–4. She insists that she argued "that the ALJ failed to properly evaluate Dr. Greer's opinion as [the ALJ] mischaracterized it." *Id.* at 2 (citing [Doc. 24] at 10–11). "Plaintiff specifically raised the argument that the ALJ failed to properly evaluate Dr. Greer's opinion as [the ALJ] did not even properly characterize it to explain the weight granted." [Doc. 30] at 2 (citing [Doc. 24] at 10–11). This is Plaintiff's argument from her Motion regarding Dr. Greer's opinion:

> Here, the ALJ failed to properly weigh the examining opinions of record. [Consultative Examiner ("CE")] Dr. Greer's report contained the only detailed objective examination of Plaintiff's spine. In this examination Plaintiff used a cane; had difficulty getting out of the chair; had an abnormal and markedly antalgic gait; had positive supine straight leg raise testing bilaterally; could not heel or toe walk; had difficulty squatting or bending; had difficulty with maneuvers due to feeling of weakness and instability in legs; had weakness in the left arm and right leg; had decreased sensation in the right lower extremity; and had decreased range of motion of the cervical and lumbar spine as well as her bilateral shoulders. T 769-71. Dr. Greer noted Plaintiff was a high fall risk without her cane. T 772. **No other medical source in the record provided such a detailed examination of Plaintiff's spine. As a result of this examination, Dr. Greer opined Plaintiff could perform sedentary exertional level sitting and standing, but could not lift even five pounds with her left hand.** T 772. This opinion does not say Plaintiff had the "inability to be on her feet all day" (T 22), but rather that Plaintiff could only perform the sitting and standing requirements for sedentary work. The ALJ cannot misinterpret the examining physician's opinion in order to justify

9

> granting it less weight. *See Talbot v. Heckler*, 814 F.2d 1456, 1463–64 (10th Cir. 1987). Rather, she should have considered that the "significant finding[s]" (T 22) of CE Dr. Greer's examination fully supported his opinion. 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3).

[Doc. 24] at 10–11 (emphasis added). Plaintiff quotes the bold language above as evidence that in her opening brief she, in fact, challenged the ALJ's reasons for rejecting Dr. Greer's opinion. [Doc. 30] at 3. Plaintiff argues that she challenged the ALJ's reason by asserting that "Dr. Greer's opinion was not actually based upon a faulty diagnosis, but on the most detailed examination of record." *Id.*

The Court is not persuaded. On de novo review, the Court finds that Plaintiff did not challenge the ALJ's reason for rejecting Dr. Greer's opinion. *See* [Doc. 24] at 10–11. Plaintiff did not acknowledge the ALJ's finding that Dr. Greer's opinion presumed a herniated disc. *See id.* In Plaintiff's opening brief, she argued that the ALJ should have adopted or accorded more weight to Dr. Greer's opinion. She argued that Dr. Greer's opinion merited more weight because it was supported by "the only detailed objective examination of Plaintiff's spine." [Doc. 24] at 10. She described why she believed Dr. Greer's opinion merited more weight. But she simply did not make any challenge to the ALJ's finding that Dr. Greer's opinion should be rejected because it relied on a diagnosis of herniated disc, for which there was no objective support. *See* Tr. 22. On de novo review, the Court finds that Plaintiff did not challenge the ALJ's reason for rejecting Dr. Greer's opinion. *See* [Doc. 24]. The objection is overruled.

Plaintiff also objects on the ground that Judge Vidmar improperly ignored arguments in her Reply brief. [Doc. 30] at 2–3 (citing [Doc. 27] at 3, 4). Plaintiff urges that in her Reply, she challenged the ALJ's reasons for rejecting Dr. Greer's opinion. *Id.* For example, Plaintiff urges

10

that in her Reply, she "took issue with the ALJ's notation that the record did not contain evidence of a herniated disc, given she had found Plaintiff's spinal impairment severe regardless." *Id.* Moreover, she urges that in her Reply, she had argued that the ALJ's "single line of reasoning was [not] sufficient." *Id.* These portions of the reply brief do not amount to a challenge to the ALJ's reasons for rejecting Dr. Greer's opinion. In her Reply, Plaintiff argued,

> [E]ven though the MRI did not show evidence of a herniated disc, the ALJ still found Plaintiff had degenerative disc disease of the lumbar spine as a severe impairment (T 16), Dr. Greer, the only physician to perform a detailed examination of Plaintiff's spine, reported positive examination results fully consistent with finding a lumbar back impairment (T 769-71), and other examinations provided evidence supportive of Dr. Greer's opinion.
> As the ALJ did not provide substantial evidence to support her weighing of Dr. Greer's opinion, this left a deficiency in the explanation provided. Plaintiff was not asking for this Court to reweigh the evidence as Defendant claimed (Dkt. No. 26 at 13), but rather providing examples of why the ALJ's lack of reasoning was confusing in light of the evidence actually contained within the record. Plaintiff does not ask for this Court to reweigh the evidence, but rather acknowledge the ALJ's error in failing to provide substantial evidence to support her rationale in light of the other evidence of record.

[Doc. 27] at 3–4. To be sure, this is an argument for how the ALJ could have resolved the evidence more favorably toward Plaintiff and accorded Dr. Greer's opinion more weight. Plaintiff urges that the ALJ could have attributed Dr. Greer's opinion about Plaintiff's physical limitations to her "lumbar back impairment." In so doing, Plaintiff urges that the ALJ could have adopted Dr. Greer's limitations. *Id.* This argument urges a view of the evidence that would have been more favorable to Plaintiff. And Plaintiff might be correct that this, more favorable view of the evidence, would have been permissible. The problem for Plaintiff is that the argument—even if accepted—would not trigger remand. For remand, Plaintiff had to show that the ALJ applied an incorrect legal standard. This argument is not that. Alternatively, to trigger remand, Plaintiff had

11

to show that the ALJ's factual findings were not supported by substantial evidence. Her Reply does not. The Court acknowledges that the Reply contains the phrase "substantial evidence." But the argument does not amount to a substantial evidence challenge. It is an invitation to reweigh the evidence, which is beyond the authority of this Court. The objection is overruled.

Plaintiff additionally objects to the PF&RD on the ground that she believes she was not required to challenge the ALJ's reasons for rejecting Dr. Greer's opinion. [Doc. 30] at 4. As Plaintiff sees it, even if she made no such challenge, "it does not alter the fact that the reason provided was in direct contradiction to the evidence of record." [Doc. 30] at 4. The Court disagrees. Plaintiff is the movant before this Court, and as such, bears the burden of showing reversible error. More to the point, the ALJ explained that she rejected Dr. Greer's opinion because it presumed a herniated disc, for which there was no objective evidentiary support. The Court can follow this reasoning, and it is supported by substantial evidence. Plaintiff's objections regarding Dr. Greer's opinion are overruled.

### Plaintiff's objections regarding Nurse Duncan's opinion are without merit and will be overruled.

Next, Judge Vidmar addressed Plaintiff's argument that Nurse Duncan's assessed limitations were consistent with Dr. Greer's limitations (as they were both more restrictive than those in the RFC assessment). [Doc. 29] at 10–11. Plaintiff argued that the ALJ should have "address[ed] the discrepancies between her RFC standing limitations and every opinion of record." [Doc. 24] at 9. Judge Vidmar was not persuaded by this argument because he found, again, it ignored the ALJ's findings. *Id.* (citing [Doc. 24] at 9–14). The ALJ had explained that she was rejecting Nurse Duncan's opinion as "completely inconsistent with the objective medical

evidence." Tr. 21. The ALJ specifically discussed the fact that Plaintiff's MRIs of the lumbar spine, i.e., the objective medical evidence, were unremarkable. *See* Tr. 19. The ALJ described the MRI from October 9, 2012, as unremarkable other than a "tiny midline L5-S1 disc protrusion that did not deform the thecal sac," Tr. 19 (citing to Tr. 380), and her MRI from November 5, 2015, as showing "no significant disc/facet abnormality, spinal stenosis, or foraminal stenosis at any level," Tr. 19 (quoting Tr. 873). Judge Vidmar found that Plaintiff's arguments ignored these records and ignored the ALJ's findings. [Doc. 29] at 10–11 (citing [Doc. 24]). Judge Vidmar found that Plaintiff had not argued that the ALJ applied an incorrect legal standard in evaluating Nurse Duncan's opinion. He further found that that Plaintiff had neither disputed the ALJ's finding (that Nurse Duncan's opinion was inconsistent with the objective medical evidence) nor challenged the ALJ's reliance on these MRIs. *Id.* Judge Vidmar found that the ALJ provided a reason for her evaluation of Nurse Duncan's opinion, and he could follow the ALJ's reasoning. *Id.* Critically, he found that Plaintiff had not challenged the ALJ's reasoning. Thus, he determined that Plaintiff had failed to show that remand was warranted.

Plaintiff objects to Judge Vidmar's findings as "simply false." [Doc. 30] at 4. Plaintiff argues that, in fact, she "addressed [Nurse] Duncan's consistency with Dr. Greer's opinion in direct contention [sic] to the ALJ's notation that it was 'completely inconsistent.'" *Id.* (citing [Doc. 24] at 11). Plaintiff's briefing does not support her representation. Certainly, Plaintiff argued that "Dr. Greer's opinion [was] fully consistent with [Nurse] Duncan's opinion." [Doc. 24] at 11. However, there is no indication anywhere in Plaintiff's briefing that she made such argument to challenge the ALJ's finding that Nurse Duncan's opinion was "completely inconsistent *with the objective evidence*." [Doc. 29] at 9 (emphasis added) (quoting Tr. 21). The objective evidence to

13

which the ALJ referred (i.e., the MRIs) was plain, and Plaintiff does not challenge it. Instead, Plaintiff argued that Dr. Greer's assessed *limitations* were consistent with Nurse Duncan's assessed *limitations*, and on that basis, the ALJ should have accorded their opinions more weight. [Doc. 24] at 11. Such opined limitations are not objective evidence. Plaintiff's objection is without merit; it is overruled.

Plaintiff also objects on the ground that the magistrate judge may not supply the "logical bridge" between the evidence and the ALJ's conclusion; the ALJ must provide it. [Doc. 30] at 4–5. The Court finds that the PF&RD relies exclusively on the reasoning provided by the ALJ herself. *See* [Doc. 29] at 10. The objection is overruled.

Plaintiff's objections regarding the opinions of the
non-examining state-agency doctors are without merit and will be overruled.

As to the opinions of the non-examining state-agency doctors, Drs. Leong and Moore, Plaintiff argued that it was error for the ALJ to rely on Dr. Leong's opinion (rather than Dr. Moore's opinion) when Dr. Leong had less evidence on which to base her opinion than Dr. Moore. [Doc. 24] at 12–14. Judge Vidmar found that the argument might have held water if there had been material evidence that Dr. Leong did not see. [Doc. 29] at 11. Judge Vidmar found that Plaintiff had not identified any particular piece of material evidence that Dr. Moore was privy to but not Dr. Leong. *Id.* (citing [Doc. 24] at 9–14).

Nor did Judge Vidmar find any such evidence. *Id.* For example, Dr. Leong had explicitly reviewed Dr. Greer's opinion. Tr. 82 (Dr. Leong's opinion referring to Dr. Greer's opinion). And Nurse Duncan's opinion was submitted to the agency about four months before Dr. Leong issued her opinion. *Compare* Tr. 669 (Nurse Duncan's opinion is submitted to the agency on August 29,

2016), *with* Tr. 82 (Dr. Leong's opinion is signed on December 23, 2016). So, Dr. Leong should have had the opportunity to review it. Dr. Moore, the later non-examining consultant, did not refer to either opinion. Nor did Dr. Moore explain why he assessed a more restrictive standing limitation (four hours) than Dr. Leong (six hours). Accordingly, Judge Vidmar was not persuaded that the ALJ was required to address any difference between the evidence available to Dr. Leong versus the evidence available to Dr. Moore. [Doc. 29] at 11 (citing [Doc. 24] at 12–14).

Finally, Judge Vidmar rejected Plaintiff's argument that the ALJ erred in failing to specify what amount of weight she accorded each non-examining opinion. [Doc. 29] at 12] (citing [Doc. 24] at 12). Plaintiff argued that the ALJ had failed to even acknowledge that there were two non-examining opinions. [Doc. 24] at 14. But Judge Vidmar did not agree. [Doc. 29] at 12. Judge Vidmar cited to the ALJ's own explicit reference to the "opinions" (plural) of the non-examining "State Agency medical consultants" (plural). *Id.* (citing Tr. 21). He found that Plaintiff's argument failed to show reversible error.

Plaintiff objects on the ground that magistrate judge ignored the crux of her argument. [Doc. 30] at 5. As Plaintiff sees it, the heart of her argument was not that it was error to rely on Dr. Leong when Dr. Leong had less evidence than Dr. Moore. [Doc. 29] at 11. Rather, she urges, the heart of her argument was that the ALJ "did not explain which determination she relied on; and the ALJ failed to specify what weight she was granting either of the two, separate determinations." [Doc. 30] at 5 (quoting [Doc. 24] at 12).

Plaintiff now elaborates on her argument, explaining that the ALJ was required to "address discrepancies between opinions [s]he found consistent and the RFC." [Doc. 30] at 5 (citing SSR 96-8p). Plaintiff goes on to quote from SSR 96-8p. [Doc. 30] at 5. "The RFC assessment

15

must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Id.* (quoting SSR 96-8p). Apparently, what Plaintiff intended to argue was that the ALJ erred in failing to explain why she adopted Dr. Leong's standing restriction over Dr. Moore's, and she objects because the magistrate judge did not rule on that particular argument.

The Court will overrule the objection, because it was not raised before the magistrate judge. This is the entirety of Plaintiff's argument on the evaluation of the opinions of the non-examining state-agency doctors:

> However, the ALJ continued her error in finding Plaintiff could stand for six hours. While the initial state agency consultant found Plaintiff could stand for six hours, the reconsideration state agency medical consultant opined Plaintiff was capable of standing or walking for only four hours in an eight-hour workday. T 108, 122. CE Dr. Greer opined Plaintiff was only capable of standing or walking occasionally during the eight-hour workday. T 772. Plaintiff's treating provider, [Nurse] Duncan, further opined Plaintiff could only stand for one hour. T 670. Yet the ALJ determined Plaintiff was capable of standing for six hours in an eight-hour workday. T 18.
> In coming to this determination, the ALJ failed to address the weight granted to the state agency determinations with any specificity; merely noting her determination was consistent. T 21. This cannot constitute a proper explanation as to how she found Plaintiff less limited than the medical opinions of record. The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review. *Spicer v. Barnhart,* 64 F. App'x 173, 177–78 (10th Cir. 2003). The ALJ must build an accurate and logical bridge between the evidence and her determination. *See Bradley v. Berryhill*, No. 17-CV-02658-STV, 2018 WL 6168066, at *10 (D. Colo. Nov. 26, 2018). This Court is "not in a position to draw factual conclusions on behalf of the ALJ." *Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001).
> While Defendant may argue the ALJ relied on the initial state agency determination, it is worth noting the initial determination did not review even the evidence included at the reconsideration level; the ALJ did not explain which determination she relied on; and the ALJ failed to specify what weight she was granting either of the two, separate determinations. This cannot be found to craft a logical bridge from the evidence in which three-fourths of the opinions found

> Plaintiff was incapable of standing for more than four hours to an RFC determination which stated she could stand for six.
>
> While an ALJ may certainly legitimately discount medical evidence if the evidence contains internal inconsistencies or is inconsistent with other medical evidence, (*Pisciotta v. Astrue*, 500 F.3d 1074, 1078 (10th Cir. 2007)), the ALJ "must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir.1996). In the absence of any discussion why the ALJ found the initial state agency determination more persuasive, this court "cannot assess whether relevant evidence adequately supports the ALJ's conclusion." *Clifton*, 79 F.3d at 1009.
>
> The regulations have emphasized the importance of a non-examining source having a *complete* medical snapshot when reviewing a claimant's file.
>
>> In appropriate circumstances, opinions from State agency medical and psychological consultants ... may be entitled to greater weight than the opinions of treating or examining sources ... if the State agency medical ... consultant's opinion is based on a review of a *complete* case record that includes a medical report from a specialist in the individual's particular impairment which provides more detailed and comprehensive information than what was available to the individual's treating source.
>
> SSR 96–6p (emphasis added). In this case, the reconsideration consultant had access to more of Plaintiff's case file than the initial consultant. T 100-101, 114–15. Given this additional information, the state agency consultants at the reconsideration level determined Plaintiff was only able to stand for four hours. 108, 122. This would mean a reduction from the full range of light work. *See* SSR 83-10 (light work requires the ability to stand/ walk for about six hours in an eight-hour workday). Thus, the consultant with the more complete snapshot found Plaintiff more restricted than the initial evaluation. The ALJ never discussed this discrepancy, but relied upon the less supported opinion. This is error.

[Doc. 24] at 12–14.

As described above, Judge Vidmar understood Plaintiff's argument to be that the ALJ erred in failing to explain why she had arrived at a standing limitation that was less restrictive than limitations in three of the four relevant opinions. [Doc. 29] at 9, 12. Further, Judge Vidmar went on to address Plaintiff's argument that the ALJ erred in failing to explain why she adopted Dr. Leong's opinion over Dr. Moore's opinion considering that Dr. Leong had less evidence before

17

her than Dr. Moore.  *Id.* at 11.  On de novo review, the Court finds that the PF&RD addresses all of the arguments articulated by Plaintiff in her Motion.[3]  Plaintiff's argument regarding SSR 96-8p was not raised in her briefing before the magistrate judge and is raised for the first time in her Objections.  It is waived.  The objection is overruled.

Plaintiff also objects to the magistrate judge's finding that "the ALJ was permitted to rely on Dr. Leong's opinion as she considered the opinion evidence of record."  [Doc. 30] at 6.  Plaintiff's objection is overruled because it misstates the PF&RD.  In her Motion, Plaintiff argued that the ALJ erred in relying on Dr. Leong's opinion *where Dr. Leong had less evidence before her than Dr. Moore*.  [Doc. 24] at 13.  Judge Vidmar found that Plaintiff's argument—as presented—was not supported by the record, because there was no evidence that Dr. Leong actually had reviewed less evidence.  [Doc. 29] at 11.  Judge Vidmar found that the record did not support Plaintiff's argument that Dr. Moore had additional evidence beyond that which Dr. Leong reviewed.  *Id.*  The objection is overruled.

## Conclusion

In a nutshell, Plaintiff's Motion argues that without explanation from the ALJ, the RFC cannot be supported by substantial evidence because three of the four relevant medical opinions assessed more restrictive standing limitations than those in the ALJ's RFC.  [Doc. 24].  Judge Vidmar did not agree.  He found that Plaintiff had made no attempt to show that the ALJ

---

[3] Although the magistrate judge did not rely on it, Defendant did not glean Plaintiff's intended meaning from her Motion either.  *See* [Doc. 26].  Defendant read the Motion to argue that "the ALJ erred in not specifying *the weight* given to these opinions."  *Id.* at 14 (emphasis added).  He defended the ALJ's decision by arguing that it did not matter that the ALJ failed to specify *what particular amount of weight* she assigned to Dr. Leong's and Dr. Moore's opinions because it was evident from the decision that she had adopted them.  *Id.*  Further, he argued that to the extent there was any difference in the opinions, it was clear that the ALJ had adopted (i.e., given great weight to) Dr. Leong's opinion.  *Id.* at 15.

18

applied an incorrect legal standard in weighing the opinions, or that the ALJ's reasons for weighing the opinions as she did were not supported by substantial evidence. [Doc. 29] at 12. This was the core of his PF&RD. Judge Vidmar explained that Plaintiff's arguments, such as they were, failed to establish that remand was warranted. Accordingly, he recommended that Plaintiff's Motion be denied, and the Commissioner's decision should be affirmed. *Id.* Plaintiff objects, but her objections are without merit.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Objections [Doc. 30] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Proposed Findings & Recommended Disposition [Doc. 29] are **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reverse or Remand Administrative Agency Decision [Doc. 23] is **DENIED**, and the Commissioner's final decision, affirmed.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE